UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :
UNITED STATES OF AMERICA      :
              :   CONSENT PRELIMINARY ORDER
       - v. -           :   OF FORFEITURE/
              :   MONEY JUDGMENT
REDHWAN ALZANAM,         :
              :   S1 19 Cr. 364 (RMB)
       Defendant.      :
              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about October 17, 2019, REDHWAN ALZANAM (the "Defendant"), was charged in an Information, S1 19 Cr. 364 (RMB) (the "Information"), with conspiracy to unlawfully distribute a controlled substance and a controlled substance analogue, in violation of Title 21, United States Code, Section 846, (Count One), Unlawful distribution of a controlled substance analogue, in violation of Title 21, United States Code, Section 841(b)(1)(C) and Title 18, United States Code, Section 2 (Counts Two through Eight), and conspiracy to traffic in contraband cigarettes, in violation of Title 18, United States Code, Section 371 (Count Nine);

        WHEREAS, the Information included a forfeiture allegation as to Counts One through Eight, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One through Eight of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Eight of the Information;

        WHEREAS, the Information included a second forfeiture allegation as to Count Nine, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Sections 981(a)(1)(C) and 2344(c), Title 28, United States Code, Section 2461(c), and Title 49, United States Code, Section 80303, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense; and any and all contraband cigarettes or contraband smokeless tobacco involved in the offense; any and all aircraft, vehicles and vessels used to transport, conceal, possess or facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange or giving away, of contraband cigarettes involved in the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Nine of the Information;

WHEREAS, on or about October 17, 2019, the Defendant pled guilty to Counts One through Nine, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Nine and agreed to forfeit to the United States, (i) pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses, including but not limited to a sum of money in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One through Eight of the Information and (ii) pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2344(c) and Title 28, United States Code, Section 2461(c), and Title 49, United States Code, Section 80303, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Nine of the Information, including but not limited to a sum of money in United States currency, representing proceeds traceable to the commission of the offense charged in Count Nine of the Information;

WHEREAS, the Defendant consents to the entry of the a money judgment in the amount of $25,000 in United States currency representing (i) the amount of proceeds traceable to the offenses charged in Counts One through Eight, specifically, $10,000 in United States currency, that the Defendant personally obtained and (ii) the amount of proceeds traceable to Count Nine, specifically, $15,000 in United States currency, that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One through Nine of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney, Robert B. Sobelman, of counsel, and the Defendant, and his counsel, Gregory Morvillo, Esq., that:

1. As a result of the offenses charged in Counts One through Eight of the Information, to which the Defendant pled guilty, a money judgment in the amount of $25,000 in United States currency (the "Money Judgment"), $10,000 of which representing the amount of proceeds traceable to the offenses charged in Counts One through Eight of the Information that the defendant personally obtained, $15,000 of which representing the amount of proceeds traceable to the offense charged in Count Nine of the Information that the defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant,

REDHWAN ALZANAM, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander

J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: *Robert B. Sobelman*　　11/4/20
Robert B. Sobelman　　DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2616

REDHWAN ALZANAM

By: *Redhwan Alzanam by RMB (see transcript)*　　11/16/2020
Redhwan Alzanam　　DATE

By: *[signature]*　　11/3/20
Gregory Morvillo, Esq.　　DATE
Attorney for Defendant
90 Broad Street
New York, NY 10004

SO ORDERED:
*RMB*　　11/16/2020
HONORABLE RICHARD M. BERMAN　　DATE
UNITED STATES DISTRICT JUDGE